UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

SHELDON THOMAS PHILLIPS,

    Plaintiff,

v.                                                    Case No. 5:24-cv-284-TKW-MJF

LT. JOHNSON, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

The undersigned has screened Plaintiff's first amended complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Because the facts presented in this complaint fail to state a facially plausible claim for relief against the named Defendants, the District Court should dismiss this civil action.

### I. BACKGROUND

In his first amended complaint brought pursuant to 42 U.S.C. § 1983, Plaintiff names as Defendants three Florida Department of Corrections officers who were employed at the Apalachee Correctional Institution: Lieutenant Johnson, Sergeant Bishop, and Captain Parrish. Doc. 10 at 2–3. Plaintiff is suing Defendants in their official capacities.

*Id.* Plaintiff claims that on September 5, 2024, Defendants violated his constitutional rights by failing to intervene in an altercation between Plaintiff and another inmate. *Id.* at 5–7. Plaintiff seeks $250,000 "for mental and emotional injury." *Id.* at 7.

## II. STANDARD

The District Court is required to review Plaintiff's complaint, identify cognizable claims and dismiss the complaint, or any portion thereof, if the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)–(b); *see also* 28 U.S.C. § 1915(e)(2)(B) (applying the same standard to *in forma pauperis* proceedings). Determining whether a complaint states a claim upon which relief can be granted is governed by the standard set forth in Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 12(b)(6); *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The court accepts all well-pleaded factual allegations of the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). To survive dismissal, "a complaint must

contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

### III.  DISCUSSION

**A.  Plaintiff's Official-Capacity Claims**

Plaintiff's claims must be dismissed for two independent reasons. First, official-capacity claims are barred by sovereign immunity as recognized by the Eleventh Amendment. Second, States and their agencies are not "persons" within the meaning of § 1983 and cannot be sued for damages.

**1.  *Sovereign Immunity***

"Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) (quoting *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 690 n.55 (1978)). Thus, in a section 1983 action "a claim against a defendant in his official capacity is the same as a claim against his employer." *Christman v. Saint Lucie Cnty., Fla.*, 509 F. App'x 878, 879 (11th Cir. 2013) (citing *McMillian v. Monroe Cnty., Ala.*, 520 U.S. 781, 785 n.2 (1997)). In other words,

Plaintiff's claim against Defendants—employees of the FDC acting in their official capacities—is a suit against the FDC. The FDC, a state agency, is "clearly the equivalent of the State of Florida for the Eleventh Amendment purposes." *Walden v. Fla. Dep't of Corr.*, 975 F. Supp. 1330, 1331 (N.D. Fla. 1996).

The Eleventh Amendment recognizes that States may assert sovereign immunity that would bar suits by an individual against a State, its agencies, and its employees, unless Congress has abrogated the State's sovereign immunity or the State has consented to the lawsuit. *See Hans v. Louisiana,* 134 U.S. 1, 16–18 (1890); *Manders v. Lee*, 338 F.3d 1304, 1308 (11th Cir. 2003) (en banc). Congress has not abrogated the States' sovereign immunity in actions for damages under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 67–68 (1989). Furthermore, Florida has not waived its sovereign immunity in § 1983 actions. *See Zatler v. Wainwright*, 802 F.2d 397, 400 (11th Cir. 1986) ("Florida's limited waiver of sovereign immunity was not intended to encompass section 1983 suits for damages.") (internal citation and quotations omitted).

*Ex parte Young* provides a narrow exception to sovereign immunity in cases where a party is seeking prospective relief against State officials for violation of federal law. 209 U.S. 123 (1908). This exception applies only when the alleged violations are ongoing and not when the relief pertains to past violations of federal law. *See Green v. Mansour*, 474 U.S. 64, 68 (1985) ("The Eleventh Amendment does not prevent federal courts from granting prospective injunctive relief to prevent a continuing violation of federal law. . . . We have refused to extend" *Ex parte Young* to "claims for retrospective relief."). Plaintiff's complaint identifies only past misconduct, not anticipated future harm. Doc. 10 at 5–6 (noting that the events giving rise to the complaint occurred on September 5, 2024). Additionally, Plaintiff seeks damages only, as opposed to prospective relief. Doc. 10 at 7. Because Plaintiff has not alleged an ongoing constitutional violation, his claims do not fit within the narrow *Ex parte Young* exception to immunity. Therefore, Plaintiff's official-capacity claims are barred by sovereign immunity.

   **2.   *Defendants Sued in Their Official Capacities are not "Persons" For Purposes of § 1983***

Only "persons" may be sued for damages under section 1983, and "[a] state, a state agency, and a state official sued in his official capacity

are not 'persons' within the meaning of § 1983." *Edwards v. Wallace Cmty. Coll.*, 49 F.3d 1517, 1524 (11th Cir. 1995). For this second, independent reason, Plaintiff's request for damages against Defendants in their official capacity must be dismissed.

### B. Amendment Would Be Futile

"[B]efore dismissing a complaint, a district court 'must' give a pro se party 'at least' one chance to amend the complaint if a more carefully drafted complaint might state a claim." *Hall v. Merola*, 67 F.4th 1282, 1295 (11th Cir. 2023). "Amendment is *not* warranted" when an amendment is futile, *i.e.* the amended complaint would still be subject to dismissal. *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1133 (11th Cir. 2019); *see Taveras v. Bank of Am., N.A.*, 89 F.4th 1279, 1288–89 (11th Cir. 2024). Furthermore, the "district court need not . . . allow amendment . . . where there has been . . . repeated failure to cure deficiencies by amendments previously allowed." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001).

Here, amendment would be futile because Plaintiff's official-capacity claims are barred by the immunity recognized by the Eleventh Amendment. The undersigned preliminarily screened Plaintiff's original

complaint, advised Plaintiff not to assert any official-capacity claims against Defendants, and afforded Plaintiff an opportunity to plead individual-capacity claims. Doc. 8 at 5. Nevertheless, Plaintiff's first amended complaint asserts only official-capacity claims against Defendants. Doc. 10 at 2–3. Therefore, the undersigned concludes that further leave to amend would be futile.

## IV. CONCLUSION

For the reasons set forth above, the undersigned respectfully recommends that the District Court:

1. **DISMISS** this action with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) because Plaintiff has failed to state a plausible claim for relief; and

2. **DIRECT** the clerk of the court to close the case file.

At Pensacola, Florida this <u>14th</u> day of April, 2025.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** ***See*** **N.D. Fla. Loc. R. 72.2;** ***see also*** **28 U.S.C. § 636(b); Fed.**

**R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**